27 P. 872 
1 Colo.App. 127
 HOLYOKE BUILDING & LOAN ASS'N v. LEWIS. 
Court of Appeals of Colorado
October 12, 1891

 
 Error
 to district court, Phillips county; S.S. DOWNER, Judge.
 
 
 Action
 by Jerome Lewis against the Holyoke Building & Loan
 Association for moneys had and received. Upon a judgment in
 favor of plaintiff, defendant assigns error.
 [27 P. 873.] 
 
 [1
 Colo.App. 128] W.T. Rogers and Bennett & Dempster, for
 plaintiff in error.
 
 
 E.M.
 Sheridan, E.E. Brannon, and Kelso & Schooler, for defendant
 in error.
 
 
 RICHMOND,
 P.J.
 
 
 This
 was an action on a money demand, and was originally tried
 upon an agreed state of facts which, in substance, are that
 Jerome Lewis, the defendant in error, paid into the Holyoke
 Building & Loan Association, plaintiff in error, the sum of
 $75, thereby becoming a member of the association. At the
 time of payment there was an article of the by-laws which
 read as follows: "All non-borrowing stockholders wishing
 to withdraw shall be privileged so to do, upon giving notice
 to the directors of his or her intention, and shall be
 entitled to receive the amount of installments actually paid
 in, without interest." Defendant in error gave the
 notice, the association declined to return the money,
 insisting that since the payment by Lewis the directors of
 the association had repealed the article of the by-laws
 referred to, and therefore defendant in error was not
 entitled to withdraw the money from the association. Judgment
 was rendered in favor of defendant in error for the amount of
 his demand. To reverse this judgment this error is
 prosecuted.
 
 
 The
 rule of law is that a corporation has not the right to repeal
 a by-law so as to impair rights which have been given and
 become vested by virtue of the by-laws, although the power to
 alter, amend, or repeal its by-laws is granted by charter.
 End. Build. Ass'ns, Â§ 278; Insurance Co. v. Connor, 17
 Pa.St. 136; Revere v. Copper Co., 15 Pick. 351; Ang. & A.
 Corp. Â§ 342. When that by-law was adopted it was as much the
 law of [1 Colo.App. 129] the corporation as if its provisions
 had been part of the charter. But it is insisted that the
 corporation could alter, amend, add to, or repeal by-laws
 before made, and that by virtue of this authority Lewis is
 precluded or estopped from asserting his right under the
 article mentioned. The power to make by-laws is to make such
 as are not inconsistent with the constitution and the law,
 and the power to alter has the same limit, so that no
 alteration or repeal could be made which would infringe a
 right already given and secured by contract with the
 corporation. No private corporation can repeal a by-law so as
 to impair rights which have been given and become vested by
 virtue of a by-law afterwards repealed. All by-laws must be
 reasonable and consistent with the general principles of the
 laws of the land, which are to be determined by the court
 when a case is properly before them. But a by-law that will
 disturb a vested right is not such. Kent v. Mining Co., 78
 N.Y. 159. "By-laws are the corporation's charter,
 and are subject to the constitution and general laws of the
 state. They fix the right of stockholders, and are in the
 nature of a fundamental contract in form between the
 corporators, and in practical effect between the association
 and its stockholders,--a contract which, as in all other
 cases, neither party is at liberty to violate. Any attempt on
 the part of the corporation, by by-laws or otherwise, to
 deprive a member of a right secured to him by the corporate
 articles, is in excess of its authority." Bergman v.
 Association, 29 Minn. 275, 13 N.W. 120. The fact that Lewis
 was a non-borrowing stockholder is not denied. That he gave
 the notice under the article of the by-laws referred to, and
 that he had paid in the amount of money which he sought to
 recover, is admitted. His right, therefore, of withdrawal,
 was a vested right, which the corporation, without his
 assent, could not deprive him of. The judgment of the court
 below must be affirmed.