(Hamilton County Court of Common Pleas).

### Otto E. Betz et al. v. The Fulton Building & Saving Association No. 4, a Corporation, et al., members of the Board of Directors thereof.

*Mortgage contracts between a building association and its borrowing members.*

The mortgage contracts between borrowing members and the building association create vested rights as to rebate of interest and payment of dividends in favor of the former, which the latter can not modify without their consent, and a resolution of the Board of Directors or the amendment of the constitution by doing so are *ultra vires.*

(Decided September, 1894.)

Buchwalter, J.

The plaintiffs in the petition assert that they became mortgage borrowing members of the defendant company since February 23, 1887. Among other things they claim that the constitution then provided that they were entitled to a rebate of interest so soon and as often as their credits paid as dues amounted to $100 per share, and entitled to receive their *pro rata* share of dividends calculated upon the whole amount of dues paid on account of their shares.

That in August, 1891, the corporation adopted a new constitution, wherein it provided that those becoming borrowing members thereafter should receive full dividends upon the whole amount of dues credited per share.

They also aver that in January, 1894, the Board of Directors of said corporation adopted a resolution as follows:

"*Resolved*, That hereafter in declaring dividends, borrowers under the old, or rebate plan, will not be allowed dividends upon payments which have received the benefit of rebate of interest and premium, and for which the Association receives no benefits.

"*Resolved*, That said borrowers may, at their option, enter into a written agreement with the Association changing their loans from the old, or rebate plan, to the new plan."

And they further aver that the Association is now proceeding to declare and pay an annual dividend upon a basis which discriminates against them in this, that the dividends shall be only upon the dues paid for the current year on the shares of the plaintiffs, so-called old borrowing members, and upon the shares of all other members the dividends shall be paid upon the whole amount of dues credited thereon. That plaintiffs object to such basis of paying dividends, and say, in substance, that if it be thus made, the erroneous account will be difficult to re-adjust among the members, so that they may be able to recover the amount due them and wrongfully paid to others; and that they cannot protect their rights in any way save by injunction.

The constitution and by-laws, both the old and the new, are also made part of the petition.

The law, as amended by the act of 1886, permitted building associations to declare and pay dividends by either method, as they might provide by the constitution and by-laws, but no step was taken by the defendant Association to amend its plan of paying dividends under the amended act, until after the plaintiffs became borrowing members, and had entered into their mortgage contracts.

The court holds that the resolution of the board of directors depriving the plaintiffs of their full dividend, is not authorized by the constitution, and that the amendment to the constitution as claimed, is *ultra vires*, and cannot deprive the plaintiffs of their vested rights to dividends under the contract as made and in force at the time when they became borrowing members.

In the first place, the constitution itself provided, in Article XVII, *that " no amendment should ever be made that will affect existing contracts for advanced shares without the consent of the shareholders having drawn such advanced shares.*

And, secondly, irrespective of the prohibitory provision as to such constitutional amendment, I should hold that the contract under the original constitution and the law as it then was, gave to the mortgage members a vested contract right which no amendment thereafter by the Association could annul except by the consent of such members. There is nothing here in the pleading from which to infer any such consent, and, therefore, their rights stand unchanged.

This ruling is in accord with *Seibel* v. *Building Association*, 43 Ohio St. 371; also that of Judge SHRODER, of this court, according to the newspaper report given me, in the case of *Harting* v. *The Lockland & Reading Savings Association*.

As to the amendment and the resolution being *ultra vires*, see Thompson on Building Associations, pages 31 and 32, sections 6 and 7, and citations; *Holyoke, etc., Associations* v. *Lavis*, 27 Pac. Rep. 872; *Christie* v. *Northern Counties, etc., Society*, L. R. 43, Chancery Div., page 62; *Auld* v. *Glasgow, etc., Society*, 12 Appeal Cass, 197, and cases therein cited.

The demurrer to the petition will therefore be overruled, and a temporary restraining order will be granted on the plaintiff's giving bond in the sum of $300, and if, as proposed by counsel, that no further pleading be filed by defendants and the submission and ruling herein be final, then a permanent injunction may issue.

*J. A. Charles Smith*, for plaintiff.

*W. Littleford*, for defendants.