KELLY *v*. PEOPLES' BUILDING & LOAN ASSOCIATION.

Opinion delivered October 29, 1898.

1.  BUILDING ASSOCIATION—AMENDMENT OF ARTICLES.—Although the articles of association of a building and loan association require that a notice of a proposed amendment of such articles shall be given to each shareholder, a failure to give notice of such an amendment to a member will not invalidate the amendment if it was for the member's benefit, and he acquiesced in it.   (Page 575).

2.  SAME.—Where the articles of association of a building and loan association provided that members should have notice of all proposed amendments to such articles, an amendment which has the effect to take away the right of members to withdraw from the association at will is inoperative as to a member who had no notice of such amendment. (Page 577).

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

*C. F. Greenlee*, for appellant.

Appellant was in good standing, and was entitled to withdraw and be paid the value of his stock.   42 N. E. 1008; 48 N. E. 1016.   An action at law is the proper one in such a case.   47 N. E. 739; 27 N. E. 543.

*Chester M. Elliott* and *W. T. Tucker*, for appellee.

The articles of association in force at the time of appellant's contract form part thereof.   148 N. Y. 281; 52 N. Y. 131; 39 N. Y. Sup. Ct. 73; 66 N. Y. 533; 94 N. Y. 104; 92 Hun, 572; 1 Mor. Corp. 96; 1 Beach. Corp. 521; 1 Thomp. Corp. § 1136.   This being true, he has no contract right of withdrawal. The repealing amendment is binding upon appellant.   148 N. V. 281; [1893] 2 Ch. 311; 15 Misc. (N. Y.) 427; 31 Hun, 49; 1 Beach, Corp. § 323; 15 Misc. (N. Y.) 427.

BUNN, C. J.   This is a suit for amount due on the withdrawal of plaintiff as a member of the defendant association, less certain credits allowed.   Judgment for defendant company, and the plaintiff appeals to this court.   The main question involved is, whether or not, under the articles of association and

by-laws of the company, the appellant had a right to withdraw when he attempted to do so, following the same up by the institution of this suit.

When the appellant became a member of the association in May or June, 1893, the articles and by-laws did not permit withdrawals of members of the class to which appellant belonged until the maturity of the stock, or until it had reached par value. In December following, an amendment to the articles was adopted by the association, in this language: "Members having certificates in class 'A' shall be entitled to withdraw the amount paid into the loan fund on the same, provided such certificates have been in force for three years or more, and that they are in good standing on the books of the association at the time the application for withdrawal is made." Then follows another section as to the allowance of interest. The appellant does not appear to have had any notice of the intention to present, or of the adoption of, the amendment quoted, until long after it was adopted, to which notice he was entitled under one of the articles of association which reads as follows, to-wit: "These articles of association may be altered or amended at the annual meeting, or any special meeting called for that purpose; provided, that a notice in writing stating the proposed alteration or amendment be mailed to each shareholder ten days before the day on which such meeting shall be held." A majority of us construe this language to mean that the notice required should be given in case of a regular annual meeting, as well as in the case of a special called meeting. There was no such notice given to appellant, as required, of the proposed amendment afterwards adopted in December, 1893, as stated; but since it was apparently for the benefit of appellant and all included in his class, his assent to it will be presumed; besides, he actually acquiesced in it, and in fact claims the benefit of it in this suit. It is therefore good as to him, and confers an additional vested right. *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159. Under this amendment, the appellant, having been a member more than three years, and being clear on the books of the company, was entitled to a withdrawal, and thereon to receive such sums as the regulations allowed him,—in this instance $390, as he shows.

On the 10th of January, 1896, another amendment was adopted, which in effect repealed the one of December, 1893, last above referred to, and prohibited withdrawals by the appellant and members of his class, until the maturity of their stock. Of the pendency of this last amendment appellant had no notice whatever, neither did he know anything of it until the controversy arose as to his right to withdraw some months after its adoption. The repealing amendment manifestly took away from appellant such vested right as had been conferred upon him by the first named amendment of December, 1893.

After the appellant had been a member the required length of time, and when he stood fair on the books of the company, to-wit, on the 2d of May, 1896, he wrote to O. N. Whiting, secretary of the company, at Syracuse, N. Y., indicating to him his desire and intention to withdraw, and received an answer of which the following is a copy: "Syracuse, N. Y., May 6, 1896. W. E. Kelly, Brinkley, Ark. Dear Sir: We have yours of the second, and beg to say in reply that we have, so far as we are concerned, found no fault with you as collector at Brinkley. We have requested you once or twice to be more prompt with your remittances. Of course, if you wish to withdraw your stock, that is another matter. You are entitled to file your application for withdrawal at any time, and, upon receipt of notice of your intention to do so, we will send you the necessary blanks. No reason is necessary further than your wish."

Appellant testified further: "I at once notified defendant to send necessary blanks, and I would comply with all conditions to withdraw, but it (the defendant) refused to do so, but on the contrary denied my right to withdraw. After I had received their letter of May 6th, I thought there was no question about my right to withdraw, and that I would at once receive the amount I had paid in, with interest and dividends, according to (the) terms of articles of association and by-laws, and therefore retained $207.07, which I had collected for defendant, from M. Kelly, and applied the same on amount due me, and wrote to defendant, notifying it of this, and asked for balance due of $182.93 with interest, but it then. refused to permit my withdrawal. After allowing credits for amount I received from

M. Kelly, the defendant is now due me $182.93, with interest, which is unpaid."

The amendment of 10th January, 1896, having the effect to take away a vested right conferred upon appellant by the amendment of December, 1893, and furthermore having been proposed and adopted without the required notice to appellant, the same is void as to him; and he had a right to withdraw at the time he endeavored to do so, notwithstanding the existence of the amendment, and was entitled, on such withdrawal, to the amount claimed by him, so far as the evidence shows; and the judgment against him was therefore erroneous.

The cases, to which our attention has been called, to-wit, *Englehardt* v. *Fifth Ward Loan Association*, 148 N. Y. 281; *Pepe* v. *City & Suburban Permanent Building Society*, [1893] 2 Ch. 311, are not strictly applicable to the case at bar. They are not apparently based on the same character of articles of association and by-laws,—that is, rules requiring notice, for instance—but all of them seem to contain a discussion of the question whether or not amendments passed according to the constitution and by-laws are binding upon the members, and this too when the subject of the amendments is merely the routine management of the business of the concern. Without stopping to discuss such a question, we simply hold that the notice required by the articles of association involved in this case falls within the category of the manner of proposing and adopting amendments, and must be complied with in order to bind the members. *Holyoke B. & L. Association* v. *Lewis*, 27 Pac. Rep. 872.

Reversed and remanded.